Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : All Courts   Help

# REGISTER OF ACTIONS
### CASE NO. 96038CC2

| | | |
|---|---|---|
| Francisco Avila, Martha Avila Vs. Metropolitan Lloyds Insurance Company, Metlife Auto & Home Insurance Agency, Inc., et al | § § § § § | Case Type: **Suit on Debt** <br> Date Filed: **09/08/2016** <br> Location: **DC County Court at Law 2** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | Congleton, Matthew | |
| Defendant | Metlife Auto & Home Insurance Agency, Inc. | **Dennis D Conder** <br> *Retained* |
| Defendant | Metropolitan Lloyds Insurance Company | **Dennis D Conder** <br> *Retained* |
| Defendant | Tailored Adjustment Services, Inc. | |
| Defendant | Thomas, Patrick | |
| Plaintiff | Avila, Francisco | **Gregory F. Cox** <br> *Retained* <br> 409-832-2777(W) |
| Plaintiff | Avila, Martha | **Gregory F. Cox** <br> *Retained* <br> 409-832-2777(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 09/08/2016 | Original Petition (OCA) |
| 09/09/2016 | Jury Fee Paid (OCA) |
| 09/09/2016 | Citation |

|  | | |
|---|---|---|
| Metropolitan Lloyds Insurance Company | Served | 09/29/2016 |
| Metlife Auto & Home Insurance Agency, Inc. | Served | 09/29/2016 |
| Tailored Adjustment Services, Inc. | Served | 09/28/2016 |
| Thomas, Patrick | Served | 09/28/2016 |
| Congleton, Matthew | Unserved | |

| | |
|---|---|
| 10/04/2016 | Return of Service |
| 10/04/2016 | Return of Service |
| 10/17/2016 | Return of Service <br> *Tailored Adjustment Services, Inc.* |
| 10/18/2016 | Defendants Original Answer <br> *Metlife Auto & Home Insurance Agency* |
| 10/18/2016 | Defendants Original Answer <br> *Metropolitan Lloyd Insurance Comp of Texas* |
| 10/25/2016 | Return of Service <br> *Patrick Thomas* |
| 10/26/2016 | Answer <br> *Patrick Thomas' Original Answer* |
| 10/26/2016 | Answer <br> *Tailored's Original Answer* |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** Avila, Francisco | | |
| Total Financial Assessment | | 337.00 |
| Total Payments and Credits | | 337.00 |
| **Balance Due as of 10/26/2016** | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 09/09/2016 | Transaction Assessment | | | 337.00 |
| 09/09/2016 | EFile Payment | Receipt # DC-130330 | Avila, Francisco | (337.00) |



EXHIBIT
A

tabbies

Filed: 9/8/2016 4:04:36 PM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Dana Mayfield

96038CC2

CAUSE NO. _____

| | | |
|---|---|---|
| FRANCISCO AVILA AND MARTHA AVILA, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | KAUFMAN COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS INSURANCE COMPANY, METLIFE AUTO & HOME INSURANCE AGENCY, INC., TAILORED ADJUSTMENT SERVICES, INC., PATRICK THOMAS, AND MATHEW CONGLETON, | § § § § § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Francisco Avila and Martha Avila ("Plaintiffs") and file this, *Plaintiffs' Original Petition*, complaining of Metropolitan Lloyds Insurance Company of Texas ("Metropolitan"), MetLife Auto & Home Insurance Agency, Inc. ("Metlife"), Tailored Adjustment Services, Inc. ("Tailored"), Patrick Thomas ("Thomas"), and Mathew Congleton ("Congleton") (collectively referred to as "Defendants") and, for cause of action, Plaintiffs would respectfully show this Honorable Court as follows:

### DISCOVERY CONTROL PLAN

1.   Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted pursuant to a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2.    Plaintiffs Francisco Avila and Martha Avila are individuals residing in Kaufman County, Texas.

3.    Defendant Metropolitan is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Attorney for Service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.    Defendant Metlife is a foreign adjusting company engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.    Defendant Tailored is a domestic adjusting company engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent, James M. Buchanan, 51 Village Lane, Colleyville, Texas 76034.

6.    Defendant Patrick Thomas is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process, by a process server, at his place of residence at 1606 Charelston Drive, Garland, Texas 75041.

7.    Defendant Mathew Congleton is an individual residing in and domiciled in the State of North Carolina. This defendant may be served with personal process, by a process server, at his place of residence at 802 Pine Vally Drive, Wilmington, North Carolina 28409.

## JURISDICTION

8.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $100,000 but not more than $200,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

9.     The Court has jurisdiction over Defendant Metropolitan because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in Texas.

10.    The Court has jurisdiction over Defendant Metlife because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in Texas.

11.    The Court has jurisdiction over Defendant Tailored because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in Texas.

12.     The Court has jurisdiction over Defendant Thomas because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in Texas.

13.     The Court has jurisdiction over Defendant Congleton because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in Texas.

## VENUE

14.     Venue is proper in Kaufman County, Texas, because the insured property is situated in Kaufman County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

15.     Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Metropolitan.

16.     Plaintiffs own the insured property, which is specifically located at 2041 Kingsbridge Drive, Forney, Texas 75126, in Kaufman County (hereinafter referred to as "the Property").

17.     Metropolitan sold the Policy insuring the Property to Plaintiffs.

18.     On or about May 17, 2015, a hail storm and/or windstorm struck Kaufman County, Texas, causing damage to homes and businesses throughout the area, including Plaintiffs' residence (hereinafter referred to "the Storm"). In part, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm. For example, Plaintiffs' fence suffered damages.

After the Storm, Plaintiffs filed a claim with their insurance company, Metropolitan, for the damages to their home caused by the Storm.

19. Plaintiffs submitted a claim to Metropolitan against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

20. Plaintiffs asked that Metropolitan cover the cost of repairs to the Property including, but not limited to, repair and/or replacement of the roof and repair of the above-described exterior, structural and/or interior damages pursuant to the Policy.

21. Defendant Metropolitan assigned Defendant Metlife and/or Tailored to adjust the claim. Defendant Metlife and/or Tailored and/or Defendant Metropolitan then assigned Defendant Thomas and Congleton as the individual adjusters on the claim. The adjusters assigned to Plaintiffs' claim were inadequately and/or improperly trained and supervised and failed to perform a thorough and reasonable investigation of Plaintiffs' claim. On or about May 27, 2015, Thomas conducted a substandard inspection of Plaintiffs' property. For example, Thomas spent a mere thirty (30) minutes inspecting Plaintiffs' property for damages. The inadequacy of Thomas' inspection is further evidenced by his report, which failed to include all of Plaintiffs' damages noted upon inspection. For example, Thomas omitted some of the exterior damages noted upon inspection from his report. Moreover, Thomas both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate. Furthermore, Thomas' estimate underpriced the cost of materials required for necessary repairs. Ultimately, Thomas' estimate did not allow adequate funds to cover the cost of repairs to all the damages

sustained. Thomas' inadequate investigation of the claim was relied upon by the other parties in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

22. Congleton also actively participated in the handling of Plaintiffs' claim, but failed to conduct a reasonable investigation. Specifically, he corresponded with Plaintiffs regarding their claim in letters, communicated with them by telephone regarding their claim, and/or reviewed reports, documents and information regarding the claim. Ultimately, Congleton failed to thoroughly review Thomas' assessment of the claim and ultimately approved and/or submitted Thomas' inaccurate report of the damages.

23. Defendant Metropolitan, along with other Metropolitan personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, including Defendant Thomas, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim. Further, Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton misrepresented that Plaintiffs' damages were not covered under the Policy, when the losses, in fact, were properly covered damages. Metropolitan denied Plaintiffs' claim without performing a reasonable investigation. In particular, Metropolitan took the position that the damages caused by the Storm were not covered under the Policy. As a result of Defendants Metropolitan's, Metlife's, Tailored's, Thomas', and Congleton's wrongful acts and omissions set forth above and further described herein, Plaintiffs were considerably underpaid on their claim and have suffered damages.

24. Together, Metropolitan, Metlife, Tailored, Thomas, and Congleton set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' Storm damages during the investigation and

Page 6

failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

25.    As detailed in the paragraphs below, Metropolitan wrongfully denied Plaintiffs' claim for damages, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Metropolitan underpaid some of Plaintiffs' claims by under-scoping the damages during its investigation and not providing full coverage for the damages sustained by Plaintiffs.

26.    To date, Metropolitan continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their home.

27.    Defendant Metropolitan failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Metropolitan's conduct constitutes a breach of the insurance contract between Metropolitan and Plaintiffs.

28.    Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Metropolitan's, Metlife's, Tailored's, Thomas', and Congleton's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

29.     Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Metropolitan's, Metlife's, Tailored's, Thomas', and Congleton's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

30.     Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants Metropolitan's, Metlife's, Tailored's, Thomas', and Congleton's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

31.     Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection regarding the full and entire claim, in writing, from Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton. Defendants Metropolitan's, Metlife's, Tailored's, Thomas', and Congleton's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

32.     Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton refused to fully
        compensate Plaintiffs under the terms of the Policy, even though Defendants
        Metropolitan, Metlife, Tailored, Thomas, and Congleton failed to conduct a reasonable
        investigation. Specifically, Defendants Metropolitan, Metlife, Tailored, Thomas, and
        Congleton performed an outcome-oriented investigation of Plaintiffs' claim that resulted
        in a biased, unfair, and inequitable evaluation of Plaintiffs' loss.      Defendants
        Metropolitan's, Metlife's, Tailored's, Thomas', and Congleton's conduct constitutes a
        violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §
        541.060(a)(7).

33.     After receiving notice of Plaintiffs' claim, Defendant Metropolitan failed to meet its
        obligations under the Texas Insurance Code to timely and within the statutorily mandated
        time acknowledge Plaintiffs' claim, begin an investigation of Plaintiffs' claim, and
        request all information reasonably necessary to investigate Plaintiffs' claim.
        Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Prompt
        Payment of Claims. TEX. INS. CODE § 542.055.

34.     Defendant Metropolitan failed to accept or deny Plaintiffs' full and entire claim within
        the statutorily mandated time of receiving all information reasonably necessary to
        investigate Plaintiffs' claim. Metropolitan's conduct constitutes a violation of the Texas
        Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

35.     Defendant Metropolitan failed to meet its obligations under the Texas Insurance Code
        regarding payment of claims without delay. Specifically, it has delayed full payment of
        Plaintiffs' claim longer than allowed and, to this date, Plaintiffs have yet to receive full

Page 9

payment for their claim. Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

36. From and after the time Plaintiffs' claim was presented to Defendant Metropolitan, the liability of Metropolitan to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Metropolitan has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would rely to deny full payment. Metropolitan's conduct constitutes a breach of the duty of good faith and fair dealing owed to insureds in insurance contracts.

37. As further described herein, Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton knowingly or recklessly made false representations as to material facts and concealed material facts and information, in whole or in part, from Plaintiffs.

38. As a result of Defendants Metropolitan's, Metlife's, Tailored's, Thomas', and Congleton's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney(s) and law firm(s) who are representing them with respect to these causes of action.

39. Plaintiffs' experience is not an isolated case. The acts and omissions Metropolitan committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Metropolitan with regard to handling these types of claims. Metropolitan's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders like Plaintiffs.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANTS THOMAS AND CONGLETON

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

40. Defendants Metropolitan, Metlife and/or Tailored assigned Defendants Thomas and Congleton to adjust the claim. Defendants Thomas and Congleton were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During their investigation, the adjusters failed to properly assess Plaintiffs' hail storm and/or windstorm damages. The adjusters also omitted covered damages from their reports, including many of Plaintiffs' interior damages. In addition, the damages that the adjusters did include in the estimate were severely underestimated.

41. Defendants Thomas' and Congleton conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

42. Defendants Thomas and Congleton are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Metropolitan, because each is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of

bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

43. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendants Thomas' and Congleton's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

44. Defendants Thomas' and Congleton's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

45. Defendants Thomas and Congleton failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or

payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendants Thomas and Congleton as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

46.     Defendants Thomas' and Congleton's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47.     Defendants Thomas and Congleton did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to Metropolitan. Defendants Thomas' and Congleton's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

CAUSES OF ACTION AGAINST DEFENDANT METLIFE AND TAILORED

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
UNFAIR SETTLEMENT PRACTICES

48.   Defendants Metlife's and Tailored's conduct constitutes multiple violations of the Texas
Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE § 541.060(a).   All
violations under this article are made actionable by TEX. INS. CODE § 541.151.

49.   Defendants Metlife's and Tailored's unfair settlement practice, as described above, of
misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an
unfair method of competition and an unfair and deceptive act or practice in the business
of insurance. TEX. INS. CODE § 541.060(a)(1).

50.   Defendants Metlife's and Tailored's unfair settlement practice, as described above, of
failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the
claim, even though liability under the Policy was reasonably clear, constitutes an unfair
method of competition and an unfair and deceptive act or practice in the business of
insurance. TEX. INS. CODE § 541.060(a)(2)(A).

51.   Defendant Metlife's and Tailored's unfair settlement practice, as described above, of
failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the
Policy, in relation to the facts or applicable law, for its offer of a compromise settlement
of the claim, constitutes an unfair method of competition and an unfair and deceptive act
or practice in the business of insurance. TEX. INS CODE § 541.060(a)(3).

52.   Defendants Metlife's and Tailored's unfair settlement practice, as described above, of
failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to
submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

53.    Defendants Metlife's and Tailored's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(A)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

54.    Plaintiffs are not making any claims for relief under federal law.

### FRAUD

55.    Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton are liable to Plaintiffs for common law fraud.

56.    Each and every one of the representations, as described herein, concerned material facts or information that Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton knew were false, or made recklessly without any knowledge of their truth as a positive assertion, and that were material Plaintiffs would not have acted as they did.

57.    The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

58.    Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton are liable to Plaintiffs for conspiracy to commit fraud. Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In

reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Metropolitan, Metlife, Tailored, Thomas, and Congleton committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST METROPOLITAN ONLY

59.     Defendant Metropolitan is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

60.     Defendant Metropolitan's conduct constitutes a breach of the insurance contract made between Metropolitan and Plaintiffs.

61.     Defendant Metropolitan's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Metropolitan's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

62.     Defendant Metropolitan's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

63.     Defendant Metropolitan's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

64. Defendant Metropolitan's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Metropolitan's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

65. Defendant Metropolitan's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

66. Defendant Metropolitan's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

67. Defendant Metropolitan's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

68. Defendant Metropolitan's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

69.   Defendant Metropolitan's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE § 542.055.

70.   Defendant Metropolitan's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE § 542.056.

71.   Defendant Metropolitan's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE § 542.058.

## ACTS CONSTITUTING ACTING AS AGENT

72.   As referenced and described above, and further conduct throughout this litigation and lawsuit, Metlife, Tailored, Thomas, and Congleton are agents of Metropolitan based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

. 73.   Separately, and/or in the alternative, as referenced and described above, Metropolitan ratified the actions and conduct of Metlife, Tailored, Thomas, and Congleton including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

74. Defendant Metropolitan's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

75. Defendant Metropolitan's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Metropolitan knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

76. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### DAMAGES

77. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

78. As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants Metropolitan's, Metlife's, Tailored's Thomas', and Congleton's mishandling of Plaintiffs' claim in violation of the laws set forth above.

79. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

80. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should

have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE § 541.152.

81.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

82.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

83.    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

84.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

85. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Kaufman County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

86. *Plaintiffs' Request for Disclosure to Defendant Metropolitan Lloyds Insurance Company of Texas* is attached as "Exhibit A." *Plaintiffs' Request for Disclosure to Defendant MetLife Auto & Home Insurance Agency, Inc.* is attached as "Exhibit A-1." *Plaintiffs' Request for Disclosure to Defendant Tailored Adjustment Services, Inc.* is attached as "Exhibit A-2." *Plaintiffs' Request for Disclosure to Defendant Patrick Thomas* is attached as "Exhibit A-3." *Plaintiffs' Request for Disclosure to Defendant Mathew Congleton* is attached as "Exhibit A-4."

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

MOSTYN LAW

_/s/ Gregory F. Cox_
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

Molly K. Bowen
State Bar No. 24069898
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

## "EXHIBIT A"

CAUSE NO._____

| | | |
|---|---|---|
| FRANCISCO AVILA AND MARTHA | § | IN THE DISTRICT COURT OF |
| AVILA, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | KAUFMAN COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY, METLIFE | § | |
| AUTO & HOME INSURANCE | § | |
| AGENCY, INC., TAILORED | § | |
| ADJUSTMENT SERVICES, INC., | § | |
| PATRICK THOMAS, AND MATHEW | § | |
| CONGLETON, | § | |
| *Defendants.* | § | _____JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

TO:     DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, by and through its Attorney for Service: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Metropolitan Lloyds Insurance Company of Texas (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

Molly K. Bowen

State Bar No. 24069898
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

## "EXHIBIT A-1"

CAUSE NO._____

| | | |
|---|---|---|
| FRANCISCO AVILA AND MARTHA AVILA, | § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | KAUFMAN COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS INSURANCE COMPANY, METLIFE AUTO & HOME INSURANCE AGENCY, INC., TAILORED ADJUSTMENT SERVICES, INC., PATRICK THOMAS, AND MATHEW CONGLETON, | § § § § § § § | |
| *Defendants.* | § | _____JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT METLIFE AUTO & HOME INSURANCE AGENCY, INC.

TO:   DEFENDANT METLIFE AUTO & HOME INSURANCE AGENCY, INC., by and through its Registered Agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, MetLife Auto & Home Insurance Agency, Inc. (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

Molly K. Bowen

State Bar No. 24069898
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

## "EXHIBIT A-2"

### CAUSE NO._____

| | | |
|---|---|---|
| **FRANCISCO AVILA AND MARTHA** | § | **IN THE DISTRICT COURT OF** |
| **AVILA,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **KAUFMAN COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY, METLIFE** | § | |
| **AUTO & HOME INSURANCE** | § | |
| **AGENCY, INC., TAILORED** | § | |
| **ADJUSTMENT SERVICES, INC.,** | § | |
| **PATRICK THOMAS, AND MATHEW** | § | |
| **CONGLETON,** | § | |
| *Defendants.* | § | **_____JUDICIAL DISTRICT** |

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT
## TAILORED ADJUSTMENT SERVICES, INC.

TO:   DEFENDANT TAILORED ADJUSTMENT SERVICES, INC., by and through its
Registered Agent: James M. Buchanan, 51 Village Lane, Colleyville, Texas 76034.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the
above-named Defendant, Tailored Adjustment Services, Inc. (hereinafter referred to as
"Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the
information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

*/s/ Gregory F. Cox*_____
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

Molly K. Bowen

State Bar No. 24069898
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

"EXHIBIT A-3"

CAUSE NO. _____

| | | |
|---|---|---|
| FRANCISCO AVILA AND MARTHA | § | IN THE DISTRICT COURT OF |
| AVILA, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | KAUFMAN COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY, METLIFE | § | |
| AUTO & HOME INSURANCE | § | |
| AGENCY, INC., TAILORED | § | |
| ADJUSTMENT SERVICES, INC., | § | |
| PATRICK THOMAS, AND MATHEW | § | |
| CONGLETON, | § | |
| *Defendants.* | § | _____JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT PATRICK THOMAS

TO:  DEFENDANT PATRICK THOMAS, at 1606 Charleston Drive, Garland, Texas 75041.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Patrick Thomas (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

Molly K. Bowen

State Bar No. 24069898
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

## "EXHIBIT A-4"

CAUSE NO._____

| | | |
|---|---|---|
| FRANCISCO AVILA AND MARTHA AVILA, | § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | KAUFMAN COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS INSURANCE COMPANY, METLIFE AUTO & HOME INSURANCE AGENCY, INC., TAILORED ADJUSTMENT SERVICES, INC., PATRICK THOMAS, AND MATHEW CONGLETON, | § § § § § § § | |
| *Defendants.* | § | _____JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT MATHEW CONGLETON

TO:  DEFENDANT MATHEW CONGLETON, at 802 Pine Valley Drive, Wilmington, North Carolina 28409.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Mathew Congleton (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

Molly K. Bowen
State Bar No. 24069898
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

Filed: 10/18/2016 2:10:18 PM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Susan Cook Mendoza

CAUSE NO. 96038CC2

| | | |
|---|---|---|
| FRANCISCO AVILA AND MARTHA AVILA, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, METLIFE AUTO & HOME INSURANCE AGENCY, INC., TAILORED ADJUSTMENT SERVICES, INC., PATRICK THOMAS, AND MATHEW CONGLETON, | § § § § § § § § | KAUFMAN COUNTY, TEXAS |
| Defendants. | § | 131ST JUDICIAL DISTRICT |

### DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United

**DEFENDANT METROPOLITAN LLOYDS INSURANCE**
**COMPANY OF TEXAS' ORIGINAL ANSWER - PAGE 2**

States Constitution, and would constitute double jeopardy in violation of the common law and

statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery

of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross

neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued

to the Plaintiffs, including but not limited to the following policy provisions:

## COVERAGE A - DWELLING

1. **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
   A. the dwelling owned by **you** on the **residence premises**; and
   B. structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES.**

\* \* \*

## COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

## CAUSES OF PROPERTY LOSS
## SECTION I - LOSSES WE COVER
## (SPECIAL PERILS)

### LOSS DEDUCTIBLE CLAUSE
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations.
**We** will pay only that part of the loss over such stated deductible.

### COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

### COVERAGE C - PERSONAL PROPERTY
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD**

**NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2.  **Windstorm or Hail**
    **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

1.  **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

D.  **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

    1.  flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3.  **We** do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

    A.      wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with

the terms and conditions of the insurance policy issued by Metropolitan to the Plaintiffs.

Specifically, the subject insurance policy provides as follows:

SECTION I - CONDITIONS

...

2.    **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

    A.      Promptly notify **us** or **our** representative.

          ...

    B.      Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

    C.      Cooperate with us in the investigation of a claim.

          ...

    E.      At any reasonable time and place **we** designate, and as often as **we** reasonably require:

        1.     show **us** the damaged property;

        2.     submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

          ...

Pleading further, Plaintiffs failed to promptly repair the roof of the subject property and

based upon information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take

nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for

such other and further relief, both at law and in equity, specific and general, to which Defendant

may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:    Dennis D. Conder
       State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the $\underline{10^{th}}$ day of $\underline{October}$ 2016, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

Dennis D. Conder

PAN/PLDG/575424.1/001466.16929

---

Filed: 10/18/2016 2:11:02 PM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Susan Cook Mendoza

CAUSE NO. 96038CC2

| | | |
|---|---|---|
| FRANCISCO AVILA AND | § | IN THE DISTRICT COURT |
| MARTHA AVILA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| METROPOLITAN LLOYDS | § | KAUFMAN COUNTY, TEXAS |
| INSURANCE COMPANY OF TEXAS, | § | |
| METLIFE AUTO & HOME INSURANCE | § | |
| AGENCY, INC., TAILORED | § | |
| ADJUSTMENT SERVICES, INC., | § | |
| PATRICK THOMAS, AND | § | |
| MATHEW CONGLETON, | § | |
| | § | |
| Defendants. | § | 131ST JUDICIAL DISTRICT |

## DEFENDANT METLIFE AUTO & HOME INSURANCE
## AGENCY, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MetLife Auto & Home Insurance Agency, Inc., ("Defendant"), and files

this Original Answer, and in support thereof would respectfully show this Honorable Court the

following:

### I.

### VERIFIED DENIAL

Defendant MetLife Auto & Home Insurance Agency, Inc., pursuant to Rule 93(2) and (4)

of the Texas Rules of Civil Procedure, files this Verified Denial, stating that MetLife Auto &

Home Insurance Agency, Inc. is not liable in the capacity in which it is sued.  Furthermore,

Defendant MetLife Auto & Home Insurance Agency, Inc. states that there is a defect of parties

and that it is not a proper party to this proceeding.

## II. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

## III. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

## COVERAGE A - DWELLING

1.   **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
     A.   the dwelling owned by **you** on the **residence premises**; and
     B.   structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.

* * *

## COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

## CAUSES OF PROPERTY LOSS
## SECTION I - LOSSES WE COVER
## (SPECIAL PERILS)

### LOSS DEDUCTIBLE CLAUSE
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

### COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

### COVERAGE C - PERSONAL PROPERTY
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

### SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2.      **Windstorm or Hail**
        **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

1.     **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

   D.     **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

   1.     flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3.     **We** do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

   A.     wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company of Texas to the Plaintiffs. Specifically, the subject insurance policy provides as follows:

## SECTION I - CONDITIONS

...

2.     **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

   A.     Promptly notify **us** or **our** representative.
          ...

   B.     Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

   C.     Cooperate with us in the investigation of a claim.
          ...

E.    At any reasonable time and place **we** designate, and as often as **we** reasonably require:
      1.    show **us** the damaged property;
      2.    submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

...

Pleading further, Plaintiffs failed to promptly repair the roof of the subject property and

based upon information and belief, has not performed necessary repairs to the property.

## III.  JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take

nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for

such other and further relief, both at law and in equity, specific and general, to which Defendant

may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:    Dennis D. Conder
       State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of October, 2016, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

Dennis D. Conder

PAN/PLDG/575425.1/001466.16929

STATE OF _MO_ §
COUNTY OF _St. Charles_ §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Sharon Litzsinger, who being by me duly sworn on her oath deposed and said that she is a representative for MetLife Auto & Home Insurance Agency, Inc., that she has read the foregoing Original Answer for which this Verification has been prepared; and that to her personal knowledge states the statements contained therein are true and correct.

_____
Sharon Litzsinger

SUBSCRIBED AND SWORN TO BEFORE ME on this _17_ day of _October_ 2016, to certify which witness my hand and official seal.

CHARLENE M. LAIN
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Charles County
My Commission Expires: May 16, 2018
Commission Number: 14884988

_____
Notary Public in and for the State of _____

Filed: 10/26/2016 11:52:20 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Susan Cook Mendoza

CAUSE NO. 96038CC2

| | | |
|---|---|---|
| FRANCISCO AVILA AND | § | IN THE DISTRICT COURT |
| MARTHA AVILA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| METROPOLITAN LLOYDS | § | KAUFMAN COUNTY, TEXAS |
| INSURANCE COMPANY OF TEXAS, | § | |
| METLIFE AUTO & HOME INSURANCE | § | |
| AGENCY, INC., TAILORED | § | |
| ADJUSTMENT SERVICES, INC., | § | |
| PATRICK THOMAS, AND | § | |
| MATHEW CONGLETON, | § | |
| | § | |
| Defendants. | § | 131ST JUDICIAL DISTRICT |

## DEFENDANT PATRICK THOMAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Patrick Thomas ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

## I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

## II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United

States Constitution, and would constitute double jeopardy in violation of the common law and

statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery

of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross

neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued

by Metropolitan Lloyds Insurance Company of Texas to the Plaintiffs, including but not limited

to the following policy provisions:

## COVERAGE A - DWELLING

1.  **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
    A.   the dwelling owned by **you** on the **residence premises**; and
    B.   structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES.**

\* \* \*

## COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

## CAUSES OF PROPERTY LOSS
## SECTION I - LOSSES WE COVER
## (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

**COVERAGE C - PERSONAL PROPERTY**

**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

### SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2.    **Windstorm or Hail**
      **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

### SECTION I - LOSSES WE DO NOT COVER

1.    **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

      D.    **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

            1.    flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3.    **We** do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

---

A.      wear and tear, marring, scratching, aging, deterioration, corrosion, rust,
        mechanical breakdown, latent defect, inherent vice, or any quality in
        property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with

the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance

Company of Texas to the Plaintiffs.   Specifically, the subject insurance policy provides as

follows:

### SECTION I - CONDITIONS

...

2.      **What you Must do After a Loss.** We have no obligations to provide coverage
        under this policy if **you** or **your** representative fail to comply with the following
        duties and the failure to comply is prejudicial to **us:**

    A.      Promptly notify **us** or **our** representative.
            ...
    B.      Protect the property from further damage, make reasonable and necessary
            repairs required to protect the property and keep a record of necessary
            expenditures.
    C.      Cooperate with us in the investigation of a claim.
            ...
    E.      At any reasonable time and place **we** designate, and as often as **we**
            reasonably require:
            1.      show **us** the damaged property;
            2.      submit to questions concerning the loss under oath while not in the
                    presence of any other person defined as **"you"**, and sign and swear
                    to the answers; and
            ...

Pleading further, Plaintiffs failed to promptly repair the roof of the subject property and

based upon information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take

nothing against Defendant, and that Defendant go henceforth without day, with his costs, and for

such other and further relief, both at law and in equity, specific and general, to which Defendant

may show himself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

/s/ - *Dennis D. Conder*

By:    Dennis D. Conder
       State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of October, 2016, a copy of the
foregoing was served on to Plaintiffs' counsel of record.

/s/ - *Dennis D. Conder*
Dennis D. Conder

Filed: 10/26/2016 11:53:07 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas
Susan Cook Mendoza

CAUSE NO. 96038CC2

| | | |
|---|---|---|
| FRANCISCO AVILA AND | § | IN THE DISTRICT COURT |
| MARTHA AVILA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| METROPOLITAN LLOYDS | § | KAUFMAN COUNTY, TEXAS |
| INSURANCE COMPANY OF TEXAS, | § | |
| METLIFE AUTO & HOME INSURANCE | § | |
| AGENCY, INC., TAILORED | § | |
| ADJUSTMENT SERVICES, INC., | § | |
| PATRICK THOMAS, AND | § | |
| MATHEW CONGLETON, | § | |
| | § | |
| Defendants. | § | 131ST JUDICIAL DISTRICT |

## DEFENDANT TAILORED ADJUSTMENT SERVICES, INC.'S
## COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Tailored Adjustment Services, Inc., ("Defendant"), and files this Original

Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs'

Original Petition, and says that the same are not true in whole or in part, and demands strict proof

thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure,

Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United

States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING

1. **Dwelling Owners**. If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
   A.    the dwelling owned by **you** on the **residence premises**; and
   B.    structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.

* * *

### COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

* * *

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

**COVERAGE C - PERSONAL PROPERTY**

**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2. **Windstorm or Hail**

    **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

1. **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

    D. **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

        1. flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3. **We** do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

---

**DEFENDANT TAILORED ADJUSTMENT SERVICES, INC.'S ORIGINAL ANSWER - PAGE 4**

A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company of Texas to the Plaintiffs. Specifically, the subject insurance policy provides as follows:

## SECTION I - CONDITIONS

...

2.    **What you Must do After a Loss.** We have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

A.    Promptly notify **us** or **our** representative.
...

B.    Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

C.    Cooperate with us in the investigation of a claim.
...

E.    At any reasonable time and place **we** designate, and as often as **we** reasonably require:
1.    show **us** the damaged property;
2.    submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and
...

Pleading further, Plaintiffs failed to promptly repair the roof of the subject property and based upon information and belief, has not performed necessary repairs to the property.

## III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for

such other and further relief, both at law and in equity, specific and general, to which Defendant

may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

/s/ - *Dennis D. Conder*

By:     Dennis D. Conder
        State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX ·
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of October, 2016, a copy of the
foregoing was served on to Plaintiffs' counsel of record.

/s/ - *Dennis D. Conder*

Dennis D. Conder

PAN/PLDG/575882.1/001466.16929

DEFENDANT TAILORED ADJUSTMENT SERVICES, INC.'S ORIGINAL ANSWER - PAGE 6